# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| HEATHER SAMPSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2189 |
| | § | |
| ST. JOSEPH MEDICAL CENTER HOSPITAL | § | |
| PARTNERS OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

This is a lawsuit filed pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").
Before the court is defendant's motion to dismiss on the basis that the complaint was filed after the
applicable statute of limitations expired.  Dkt. 5.  Plaintiff is proceeding *pro se*, and her response to
the motion was due on or before August 1, 2011.  No response has been filed.  Under the local rules,
plaintiff's failure to respond to the motion will be taken as a representation of no opposition.
S.D. TEX. LOC. R. 7.4.

A motion to dismiss Rule 12(b) (6) is a proper  means to raise a statute of limitations defense
where the defense is apparent on the face of the complaint.  *Washington v. City of Gulfport, Miss.*,
351 F. App'x 916, 918 (5th Cir. 2009) (affirming dismissal of Title VII claims as untimely under
Rule 12(b)(6) for failing to file suit within 90 days of receiving right-to-sue letter).  A Title VII
plaintiff must file suit no later than 90 days after receiving a right-to-sue letter.  *Taylor v. Books a
Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).  Plaintiff's right-to-sue letter was issued by the

Equal Employment Opportunity Commission ("EEOC") on April 29, 2008.[1]  Although plaintiff does not allege when she actually received the letter, the court may presume receipt within seven days of the day it was mailed.  *Id*. at 379-80.  This case was filed on June 6, 2011, more than three years after the date the right-to-sue letter was mailed to plaintiff, and nearly three years after the 90-day statute of limitations expired.  Dkt. 1.

Courts should generally permit a plaintiff one chance to amend before dismissing the action with prejudice.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  Nonetheless, a court may dismiss with prejudice when amendment is clearly futile.  *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2004).  The complaint in this case was filed so late that the court cannot conceive of any possible amendment to the complaint that would change its ruling on the statute of limitations.  Granting leave to amend would, therefore, be futile.

Accordingly, it is hereby **ORDERED** that the motion to dismiss (Dkt. 5) is **GRANTED** and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.


Signed at Houston, Texas on August 5, 2011.

_____
Gray H. Miller
United States District Judge

_____

[1]       The court may consider the right-to-sue letter because it is an exhibit to the complaint.  See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499 (2007) (court may consider documents identified and relied upon in complaint).